IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 16-208 |
| | ) |
| DARWIN GOOD, | ) |
| | ) |
| Defendant | ) |

**<u>MEMORANDUM OPINION</u>**

Pending before the court is an expedited motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 63) filed by counsel on behalf of defendant Darwin Good ("Good"). The government filed a response in opposition to the motion (ECF No. 65) and Good filed a reply (ECF No. 66).

Good contends that he is eligible for the retroactive amendment to U.S.S.G. § 4A1.1, which would reduce his criminal history category in this case from IV (as determined at the original sentencing) to III. Good was originally sentenced to a total term of imprisonment of 78 months, based upon an advisory guideline range of 75-81 months (ECF No. 56).[1] His amended guideline range would now be 70-76 months.

Good is currently located at the Renewal Center, a residential reentry center. He reports that his release date is May 1, 2024. Good asks that the court reduce his sentence in this case (Crim. No. 16-208) to a period of time served as of February 1, 2024.

The government argues that the motion must be denied because Good is no longer serving the term of imprisonment imposed in this case (Crim. No. 16-208). Good began custody

---

[1] Twelve months of imprisonment at Crim. No. 16-208 was imposed to run concurrent with Good's term of imprisonment at Crim. No. 05-333.

1

in this case in October 2016 and his 78-month prison term is complete. Good is now serving the 24-month consecutive term of imprisonment imposed by a different member of the court in Crim. No. 19-8.[2]

>The statute Good cites as a basis for a sentence reduction provides, in relevant part:

>(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.**

18 U.S.C. § 3582(c)(2) (emphasis added). The relevant Sentencing Guideline, § 1B1.10(b)(2)(C), contains a "prohibition" which states: "**(C)** Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Because Good has already served his entire term of imprisonment in this case (Crim. No. 16-208), he is not entitled to relief.

Good argues in his reply that he is still serving the term of imprisonment imposed in Crim. No. 16-208. He relies on 18 U.S.C. § 3584(c), which states: "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." The government did not respond to this argument.

Courts have uniformly rejected Good's argument. In *United States v. Martin*, 974 F.3d 124, 136 (2d Cir. 2020), the court explained that "administrative purposes" involve BOP functions like awarding credit for time served. The court explained:

---

[2] The court will not address whether Good may be entitled to relief at Crim. No. 19-8.

> Aggregation for administrative purposes does not imply that every sentence imposed may be modified based on an authorization to modify one component part. In fact, courts that have modified sentences outside the context of the First Step Act have routinely rejected that administrative aggregation permits the modification of sentences that have already been served. *See, e.g., United States v. Llewlyn*, 879 F.3d 1291, 1295 (11th Cir. 2018) (finding moot a motion made under § 3582(c)(2) to reduce a sentence that had already been served where inmate remained imprisoned due to later consecutive sentences imposed for offenses committed while serving original sentence).

*Id.* The court commented: "Section 3584(c) provides no textual support for the position that sentences may be aggregated for the purpose of resentencing, nor has any court interpreted the statute in such a fashion." *Id.* at 137.

The procedural status in *Llewlyn* was essentially identical to the situation in this case. The defendant was convicted of one offense and, while he was serving that term of imprisonment, was convicted of a second offense. The judge ordered that the prison term for the second offense run consecutive. The first prison term expired by its terms. The defendant filed a motion for a retroactive reduction of his first sentence, citing § 3584(c), arguing that he was serving one aggregated sentence. The court rejected that argument and commented that the defendant's "suggested interpretation would render the concept of 'consecutive sentences' imposed at different times meaningless." *Llewlyn*, 879 F.3d at 1295. The court held that "district courts' judicial decisions under § 3582 do not constitute an 'administrative purpose.'" *Id.* Although consecutive sentences may be aggregated by the BOP for administrative purposes, such as awarding credit, they remain distinct terms of imprisonment imposed for separate convictions. *Id.* (citing *United States v. Parker*, 472 F. App'x 415, 417 (7th Cir. 2012)). The court determined that the plain language of § 3584 and U.S.S.G. § 1B1.10(b)(2)(C) required the rejection of the defendant's aggregation argument. *Id.* at 1296. The motion to reduce the

expired sentence was denied as moot because the defendant had completed his first sentence, even though the defendant remained in prison on the consecutive sentence.

The same reasoning applies here. Good is seeking substantive, rather than administrative, relief. He seeks an actual reduction in his sentence in this case, which would undermine the sentencing judge's determination in Crim. No. 19-8, that a 24-month consecutive term of imprisonment was warranted.

Good completed his prison term in this case and is now serving the consecutive prison term imposed at Crim. No. 19-8. Because he already served his full sentence at Crim. No. 16-208, any reduction would not be consistent with the prohibition in Guideline § 1B1.10(b)(2)(C). Good's motion for a reduction of sentence in this case must be denied.

<u>Conclusion</u>

For the reasons set forth above, the expedited motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 63) will be denied.

An appropriate order will be entered.

Date:   January 31, 2024                                BY THE COURT:

                                                         /s/ *Joy Flowers Conti*
                                                        Joy Flowers Conti
                                                        Senior United States District Judge